BEFORE THE SECOND DIVISION, OCTOBER 16, 1947

**No. 51957.**—Porteous, Mitchell & Braun Co. v. United States, petition 6585–R (Portland, Maine).

Opinion by LAWRENCE, J. A submission sheet prepared by the customs broker, requesting the appraiser for latest information as to the value of the importation in question, was introduced in evidence as exhibit 1. Appearing thereon over the signature of the appraiser is the statement: "This office has no information." At the hearing the buyer and manager of the shoe department of petitioner testified that he placed the order for the importation the latter part of October 1945; that in July 1946, when the shoes arrived in this country, he had no information that the manufacturer had increased his prices on this type of shoe; and that he knew exhibit 1 had been submitted to the appraiser's office about the time of entry. The appraiser of merchandise testified that prior to entry of this importation petitioner's exhibit 1 was submitted to him by the customs broker; that at the time of entry he had no information as to the final appraised value and so reported; and that his opinion as to petitioner's reputation for fair dealings is that there is "None better." From an examination of the record and consideration of all the facts involved, the court was satisfied as to the good faith of the petitioner and found that there was no intention to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise. The petition was therefore granted.

BEFORE THE THIRD DIVISION, OCTOBER 16, 1947

**No. 51958.**—Lansen-Naeve Corp. v. United States, petition 6595–R (New York).

Opinion by CLINE, J. At the trial the president of the petitioner testified that the original entry did not include a 4 percent turnover tax; that the examiner suggested that the entry be amended by adding the 4 percent tax to make market value; that an amended entry was prepared and filed, but the additional duty was not paid because the witness thought that a withheld appraisement bond had been filed for the entry and that no additional deposit was needed; and that the collector did not make any request for additional duties. The appraisement was based upon the values in the amended entry, but the collector treated it as an advance in value, disregarding the amended entry because the additional duty had not been deposited. On the record herein the court found that the petitioner acted without intention to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise. The petition was therefore granted.